Filed 4/19/22  P. v. Burton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094769 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE002013) |
| v. | |
| MELISSA BURTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Melissa Burton, has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed that although defendant's plea agreement provided for dismissal of the charges other than those to which she pleaded no contest, the trial court failed to affirmatively dismiss those charges following defendant's no contest plea and sentencing.  We will amend the judgment to

1

address this failure.  Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment as modified.

## FACTS AND HISTORY OF THE PROCEEDINGS

The People's amended complaint charged defendant with felony willful and grossly negligent discharge of a firearm (Pen. Code, § 246.3; count one) (statutory section citations that follow are to the Penal Code) and two counts of felony child endangerment (§ 273a, subd. (a); counts two & three).  Defendant was held to answer following a preliminary hearing, and the amended complaint was ultimately deemed the information.  The court denied defendant's section 995 motion to dismiss all counts for insufficient evidence.

Thereafter, on July 22, 2021, defendant resolved her case by pleading no contest to misdemeanor unlawful discharge of a firearm (§ 246.3), and in exchange, the trial court was to dismiss the remaining counts and then sentence defendant to one year informal probation, including the conditions that she complete a gun safety class and 10 child safety classes.  She was also ordered to serve 90 days in county jail with credit for four days, which jail sentence was to be suspended if she successfully completed probation.

The court sentenced defendant in accordance with this agreement, but did not affirmatively dismiss the remaining counts.  Finally, the court struck all fines and fees.

Defendant timely appealed and her request for a certificate of probable cause to challenge the denial of her section 995 motion was granted.  Further, this court granted defendant's motion to construe her notice of appeal as including sentencing and other matters following her plea.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

(*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed but has not done so.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the trial court's failure to affirmatively dismiss the balance of the charges as contemplated by defendant's plea agreement and reflected in the minute order documenting defendant's change of plea.  We will modify the judgment to correct this omission.  We find no other arguable error that would result in a disposition more favorable to defendant.  Consequently, we will affirm the judgment as modified.

## DISPOSITION

The judgment is modified to dismiss counts two and three of the People's information.  The judgment is affirmed as modified.

_____
HULL, J.

We concur:


_____
BLEASE, Acting P. J.



_____
RENNER, J.